UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARNEST GRIFFEN-EL,

    Plaintiff,                                    Hon. Robert J. Jonker

v.                                                  Case No. 1:19-CV-855

KIM SHAFFER, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on October 17, 2019, requesting that this Court enjoin several ongoing state court criminal matters. Plaintiff also requests monetary damages for alleged violations of his rights arising from the events giving rise to such actions. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's claims for injunctive relief be dismissed and Plaintiff's claims for monetary damages be stayed as detailed herein.

## BACKGROUND

In his complaint, Plaintiff alleges the following. (ECF No. 1). On March 18, 2019, Plaintiff was driving his car when he was stopped by Officer Gregory of the Grand Rapids Police Department. Gregory informed Plaintiff that he had been speeding to which Plaintiff responded that Gregory had "no authority" over him. When Plaintiff asked Gregory to "call his superior," Gregory became "enraged" and

1

"demanded" that Plaintiff exit his vehicle.  After exiting his vehicle, Plaintiff was forced to participate in a breathalyzer examination after which he was arrested and taken to the Kent County Jail.  Officer Gregory then illegally obtained a search warrant pursuant to which Gregory and several unidentified persons obtained a blood sample from Plaintiff without his consent.  As a result of Officer Gregory's actions, state court clerk Tanya Todd unlawfully charged Plaintiff with operating a motor vehicle while intoxicated.  Resolution of this charge is still pending.

On April 28, 2019, Plaintiff was driving his car when he was stopped by Officer Drelles of the Grand Rapids Police Department.  Plaintiff informed Drelles that there exists no law that requires him to possess a driver's license.  Drelles nevertheless issued Plaintiff a citation for driving a motor vehicle with a revoked or suspended license.  As a result, Plaintiff was charged with an additional, unidentified, criminal charge, for which District Court Judge Kim Shaffer imposed an "unlawful bond."  Resolution of this charge is still pending.

On May 1, 2019, Plaintiff was driving his car when he was stopped by Officer Katherine Chase of the Kent County Sheriff's Department.  Plaintiff informed Chase that there exists no law that requires him to possess a driver's license.  Chase nevertheless issued Plaintiff a citation for driving a motor vehicle with a revoked or suspended license.  As a result, Plaintiff was charged with an additional, unidentified, criminal charge, for which Magistrate Michael Milroy imposed an "unlawful bond."  Resolution of this charge is still pending.

2

On July 7, 2019, Plaintiff was driving his car when he was stopped by Michigan State Trooper Adam Keasler. Plaintiff informed Keasler that there exists no law that requires him to possess a driver's license. Keasler nevertheless issued Plaintiff an "unlawful ticket" for an unspecified offense. As a result, Plaintiff was charged with two additional, unidentified, criminal charges, for which District Court Judge Kim Shaffer imposed an "unlawful bond." Resolution of these charges is still pending.

On September 12, 2019, Plaintiff was driving his car when he was stopped by Officer Norman of the Grand Rapids Police Department. Plaintiff informed Norman that there exists no law that requires him to possess a driver's license. Norman nevertheless arrested Plaintiff and impounded his vehicle. Subsequent to Plaintiff's arrest, Norman and several unidentified individuals forcibly obtained a sample of Plaintiff's blood. Plaintiff was thereafter charged with yet another, unidentified, criminal offense for which District Court Judge Kim Shaffer imposed an "unlawful bond." Resolution of this charge is still pending.

Plaintiff has initiated the present action against: (1) District Court Judge Kim Shaffer; (2) Magistrate Michael Milroy; (3) Officer Gregory; (4) Officer Drelles; (5) Officer Norman; (6) Court Clerk Tonya Todd; (7) Officer Chase; (8) Trooper Keasler; (9) the unknown nurse who participated in obtaining a blood sample from Plaintiff on March 18, 2019; and (10) the unknown nurse who participated in obtaining a blood sample from Plaintiff on September 12, 2019. Plaintiff asserts fourteen causes of action. For relief, Plaintiff requests that this Court "intervene" in

3

the criminal actions described above, "immediately" terminate the proceedings, and "dismiss" all criminal charges. Plaintiff also seeks monetary damages.

## ANALYSIS

The Supreme Court has identified several abstention doctrines pursuant to which a federal court should, or in some instances must, refrain from exercising jurisdiction over a matter. *See, e.g., Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813-16 (1976). One such abstention doctrine applies when "federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings." *Id.* at 816 (citing *Younger v. Harris*, 401 U.S. 37 (1971)). *Younger* abstention is appropriate where the state proceeding is: (1) currently pending; (2) involves an important state interest; and (3) affords the plaintiff an adequate opportunity to raise constitutional claims. *See Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006).

The Court finds all three factors satisfied. Plaintiff alleges that the criminal matters in question are ongoing. The matters alleged in Plaintiff's complaint implicate important state interests including the proper enforcement of laws mandating that persons operating a motor vehicle on the public roadways are properly licensed and not impaired. *See, e.g., Miskowski v. Peppler*, 36 Fed. Appx. 556, 557 (6th Cir., June 14, 2002).

With respect to the third factor, Plaintiff has the burden of showing that he is unable to present his federal or constitutional claims in the state court criminal

proceeding. *See Nimer v. Litchfield Township Board of Trustees*, 707 F.3d 699, 701 (6th Cir. 2013). Plaintiff has made no such showing. The Court further observes that other courts have concluded that the criminal process afforded in Michigan courts permits criminal defendants an adequate opportunity to assert federal constitutional claims. *See, e.g., Mosson v. Wayne County Prosecutor's Office*, 2014 WL 186095 at *3 (E.D. Mich., Jan. 14, 2014).

Plaintiff can nevertheless defeat abstention by demonstrating the existence of an exception to the *Younger* abstention doctrine: (1) the state proceeding is motivated by a desire to harass or is conducted in bad faith; (2) the plaintiff is challenging a statute or other provision that is flagrantly unconstitutional; or (3) there exists an "extraordinarily pressing need" for immediate federal equitable relief. *See Gorenc v. City of Westland*, 72 Fed. Appx. 336, 338-39 (6th Cir., July 31, 2003) (citations omitted). These exceptions are "interpreted narrowly." *Davis v. Whitmer*, 2019 WL 1326671 at *3 (E.D. Mich., Mar. 25, 2019) (citing *Gorenc*, 72 Fed. Appx. at 339). Furthermore, the burden to demonstrate the applicability of any such exception rests with Plaintiff who must present "sufficient evidence, not simply unsupported contentions, to establish that an exception to *Younger* abstention is warranted." *Ingram v. Tennessee Department of Health*, 2019 WL 4727641 at *5 (M.D. Tenn., Sept. 27, 2019).

Plaintiff has made no such showing. Accordingly, the Court finds that abstention in this matter is warranted.

Having found that *Younger* abstention is appropriate, the Court must determine the appropriate resolution of Plaintiff's claims. In this respect, the Court must distinguish between (a) Plaintiff's request that the Court enjoin ongoing criminal proceedings and (b) Plaintiff's claims for monetary damages arising from the events described above. *See Nimer*, 707 F.3d at 702. To the extent Plaintiff seeks injunctive relief, the Court possesses discretion to dismiss such claims. *Ibid.* Plaintiff has failed to demonstrate that federal court intervention in the criminal matters described herein is appropriate. Accordingly, the undersigned recommends that Plaintiff's claims for injunctive relief be dismissed.

With respect to Plaintiff's claim for monetary damages, however, the Court reaches a different conclusion. The Sixth Circuit has held that, when a court invokes *Younger* abstention in a case where only monetary damages are sought, the Court lacks discretion to dismiss the case and must instead stay the case pending resolution of the state proceedings. *See Nimer*, 707 F.3d at 702 (citing *Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706 (1996)). This rule is equally applicable where, as here, a plaintiff asserts claims for both injunctive and monetary relief. *See, e.g., Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) ("[i]n the context of a complaint seeking both equitable [relief] and money damages, as in this case, a federal court's discretion to abstain from exercising jurisdiction does not extend so far as to permit a court to dismiss or remand, as opposed to stay, an action at law"). The undersigned,

6

therefore, recommends that Plaintiff's claims for monetary damages be stayed as detailed below.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's claims for injunctive relief be dismissed and Plaintiff's claims for monetary damages be stayed and this action be administratively closed. The undersigned further recommends that Plaintiff be ordered to comply with the following instructions.

No later than thirty days after all the criminal matters described herein are resolved and Plaintiff has exhausted any appeals related thereto, Plaintiff must file in this Court a motion to re-open this matter. Failure to timely file a motion to re-open this matter may result in Plaintiff's remaining claims being dismissed for failure to prosecute and failure to comply with the Court's Orders.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

DATE: OCTOBER 25, 2019 /S/ PHILLIP J. GREEN
PHILLIP J. GREEN
U.S. MAGISTRATE JUDGE